UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frank Perendy,                                            No. 16-cv-1247 (PAM/JSM)

Plaintiff,

v.                                                        **MEMORANDUM AND ORDER**

Volkswagen Group of America,
Inc., & Volkswagen
Aktiengesellschaft,

Defendants.

---

## BACKGROUND

This matter is before the Court on Plaintiff's Motion to Remand to State Court and

Defendants' Motion to Stay.   This is one of hundreds of lawsuits filed against

Volkswagen in the wake of the "clean diesel" controversy.   Plaintiff Frank Perendy

brought this action in Minnesota state court, and Defendants subsequently removed the

case based on the existence of a federal question.   Perendy now seeks to remand the

action back to state court, arguing that doing so is appropriate because the case only

implicates Minnesota law and doing otherwise will prejudice his ability to litigate his

claims in the forum of his choosing.   Defendants move to stay the proceedings,

anticipating a transfer to a multi-district litigation.   For the reasons that follow, the Court

grants Defendants' Motion and denies Plaintiff's Motion.

Frank Perendy is a Hennepin County resident who owns a 2012 Volkswagen Jetta.

Defendant Volkswagen Group of America, Inc. is the North American subsidiary of co-

defendant Volkswagen Group, or Volkswagen Aktiengesellschaft (collectively, "Volkswagen").  In Spring 2014, West Virginia University published a study finding that certain Volkswagen diesel vehicles, which Volkswagen touted as fuel efficient and environmentally friendly, did not perform as advertised.  See Final Report, Center for Alternative Fuels, Engines & Emissions West Virginia University, In-Use Emissions Testing of Light-Duty Diesel Vehicles in the United States (May 15, 2014), http://theicct.org/sites/default/files/publications/ WVU_LDDV_in-use_ICCT_Report_ Final_may2014.pdf/.  In September 2015, Volkswagen disclosed that it had used a hidden software algorithm known as a "defeat device" in many of its "clean diesel" vehicles. (Chester Decl., Ex. A (Docket No. 5-1).)  When a car's defeat device sensed that the vehicle was undergoing an emissions test, the device would prompt the car's engine to alter its performance to comply with emissions testing standards.  (Id.)  Perendy alleges that outside of testing conditions, each vehicle would emit up to 40 times the allowed quantity of polluting nitrogen oxide.  (Compl. at ¶14.)  The device was used in four-cylinder diesel vehicles in model years 2009 to 2015, such as Perendy's Jetta.  (Compl. at ¶21.)

In December 2015, the Judicial Panel on Multidistrict Litigation ("JPML") transferred hundreds of pending federal lawsuits against Volkswagen related to these defeat devices to the United States District Court for the Northern District of California and consolidated the cases into a multi-district litigation ("MDL") because they "involve common questions of fact," and centralizing these actions "promote[s] the just and efficient conduct of the litigation."  In re: Volkswagen "Clean Diesel" Marketing, Sales

Practices, and Products Liability Litigation ("In re Volkswagen"), No. 3:15-md-2672-CRB, Docket No. 1716.

In February 2016, the MDL court filed pretrial orders, among them a coordination order in which the court cautions that the volume of federal and state clean diesel cases will likely "expend significant resources of many state courts," "result in unnecessary duplication of effort," and subject "parties and non-parties to multiple proceedings and inconsistent obligations with respect to the same subject matter." (Removal Notice Ex. 5 (Docket No. 1-5) at 2.) The order prescribes procedures that apply "to all cases that are today or in the future become part of the MDL . . . bind[ing] all parties and their counsel in all such cases." (Id.) Among those procedures, counsel is tasked with coordinating MDL discovery with discovery in the state-court cases. (Id. at 5.)

The MDL court also filed an order regarding motions to remand, in which it endeavors to address such motions "in a coordinated and orderly fashion once the issues implicated by the motions . . . have been fully raised (including in actions that have yet to be transferred to this Court)." (Removal Notice Ex. 6 (Docket No. 1-6) at 1.) In a recent conditional transfer order, the JPML included this action as a potential transferee to the MDL but acknowledged that because Perendy opposes transfer, the transfer will be stayed "until further order of the [JPML]." Order (Docket No. 1557), In re Volkswagen, No. 3:15md2672-CRB (N.D. Cal. June 1, 2016).

Here, Perendy alleges that his Jetta is equipped with a defeat device and that Volkswagen made specific representations to Perendy that his Jetta would adhere to higher performance and fuel-economy standards than it actually does. Perendy

3

commenced this action in Hennepin County District Court in April 2016.   All of Perendy's claims as stated in the Complaint arise under Minnesota consumer protection statutes and common law.  (See Compl. (Docket No. 1-1) at 9-18.)  Volkswagen removed the case to federal court in May 2016, arguing that this Court has federal question jurisdiction because each of Perendy's claims arise from Volkswagen's alleged violations of Environmental Protection Agency ("EPA") standards under the Clean Air Act.

Perendy now moves to remand the case back to state court, insisting that because his Complaint alleges only state law claims, this Court lacks original jurisdiction.  He seeks to recover costs and attorney's fees associated with his Motion to Remand. Volkswagen in turn moves to stay the proceedings until this matter is transferred to the MDL, contending that staying this case will prevent waste of judicial and other resources.

**DISCUSSION**

Volkswagen contends that because this matter will likely be transferred to the MDL in the near future, and because the MDL has imposed procedures surrounding motions to remand in a pretrial order, this action should be stayed pending transfer. Volkswagen's view is in line with the decisions that have come out of the District of Minnesota so far.  Several Judges in this District have granted Volkswagen's motions to stay and denied the various plaintiffs' motions to remand in a number of clean diesel cases.  See, e.g., Text Order (Docket No. 25) Buffington v. Volkswagen Grp. Of Am., Inc., No. 16cv666-JNE-JSM (D. Minn. May 10, 2016) (Ericksen, J.) ("Plaintiffs will not be prejudiced by the stay because the MDL is moving quickly and includes a process for remand motions."); Order (Docket No. 30) Lessard v. Volkswagen Grp. of Am., Inc. et

al., No. 16cv754-WMW-TNL ("[O]n balance, the interests of conserving judicial resources, avoiding duplicative or inconsistent results, and reducing the hardship to Volkswagen . . . outweigh the minimal prejudice that a stay may impose on Plaintiff.") (May 24, 2016) (Wright, J.); Order (Docket No. 22) Arguello v. Volkswagen Grp. of Am., Inc., No. 16cv211-SRN-LIB (D. Minn. April 20, 2016) (Nelson, J.).

Perendy argues that before the Court makes any other determinations in this action, including hearing Volkswagen's Motion to Stay, it should first resolve his Motion to Remand.  He contends that the Court does not have jurisdiction over the parties' dispute, and is therefore not authorized to transfer this case to the MDL.  He maintains that because he only alleges state law claims, Volkswagen did not have a proper basis to remove this action to federal court in the first place.  Perendy further argues that allowing Volkswagen to litigate this case in federal court limits his ability to "select his own counsel and litigate his state law claims in the forum in which he originally brought them."  (Pl's Opp'n Mem. at 4.)

Volkswagen's view is that although Perendy's claims arise under Minnesota law, this action involves alleged violations of federal emissions standards and thus raises a federal question.  Volkswagen is right.  EPA standards, which are codified in the Clean Air Act, a federal statute, will undoubtedly be implicated.  Further, a District court has ample discretion to stay proceedings to control its docket.  Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 816 (8th Cir. 2006) (citing Clinton v. Jones, 520 U.S. 681, 706 (1997)).  Neither the conditional transfer order nor a stay order from this Court constitutes a jurisdictional act and Perendy's argument on this point fails.

The MDL court has procedures to resolve motions to remand, and Perendy's concerns regarding the need for remand will be addressed once the case is transferred. As Judge Wilhemina M. Wright stated, "if this case is transferred to the MDL, the efficiencies gained through the MDL will benefit all parties."  Order (Docket No. 35) Edens v. Volkswagen Grp. of Am., Inc., No. 16cv750-WMW-LIB (D. Minn. May 24, 2016) (emphasis in original).  Transferring this action to the MDL is therefore the best approach, and a stay will most effectively reserve resources and prevent inconsistent decisions in each case pending transfer.

**CONCLUSION**

Perendy has failed to establish that his desire to litigate his claims in state court overrides the need to maintain consistency and prevent waste of resources that transfer to the MDL would advance.  And in any case, the MDL court will address his motion to remand, thus Perendy may ultimately succeed in having his case remanded to state court.

Accordingly, **IS HEREBY ORDERED that**:

1.      Defendant's Motion to Stay (Docket No. 11) is **GRANTED**; and

2.      Plaintiff's Motion to Remand to State Court (Docket No. 3) is **DENIED without prejudice**.


Date:  Thursday, July 7, 2016                    *s/ Paul A. Magnuson*
                                                 Paul A. Magnuson,
                                                 United States District Court Judge

6